## MAGNOLIA PETROLEUM CO. v. WRIGHT.

No. 21355. Opinion Filed Oct. 4, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for plaintiff in error.

Carl Henderson, for defendant in error.

KORNEGAY. J. This is a proceeding in error to review the action of the district court of Garvin county, in an action to set aside an oil and gas lease as being a cloud upon the title of the plaintiff below, J. W. Wright, the defendant in error here. The action was begun on the 24th of April, 1929. The answer of the oil company was a general denial, and a statement that on February 24, 1927, Ada M. Fields and J. A. Fields, W. F. Brown, A. W. Brown, and Ollie M. Brown were the owners in possession of the N. ½ of the N. W. ¼, the E. ½ of the S. E. ¼ of the N. W. ¼, and the N. W. ¼ of the S. E. ¼ of the N. W. ¼ of sec. 20, twp. 1 N., R. 2 W., and that at that time they executed an oil and gas lease to a man by the name of Lunday, for a period of five years dating from December 22, 1927, and that the lease was filed on the 1st of April, 1927, and recorded, and had been assigned prior thereto to the defendant, Magnolia Petroleum Company. There was

an allegation of having paid $140 rental on the lease in lieu of commencing a well by the 22nd of December, 1928.

It admitted the execution of a warranty deed by W. F. Brown to J. W. Wright for the property involved in this suit, 55 acres, and relied upon a parol agreement between the grantor in said deed and the plaintiff in the action to withhold the recording of the warranty deed until the oil and gas lease was recorded. It further avers that, in violation of the agreement, with full knowledge of the outstanding lease when the deed was taken, the deed was recorded. There was a further plea that, as a part of the condition for the transfer of the land, the lease should be effective.

There was a further allegation about being advised by the plaintiff that plaintiff was owner of the E. ½ of the W. ½ of the N. E. ¼ of the N. W. ¼, and the E. ½ of the E. ½ of the N. W. ¼ and the E. ½ of the N. W. ¼ of the S. E. ¼ of the N. W. ¼ of sec. 20, twp. 1 N., R. 2 W., and that by reason thereof was entitled to $55 rental due under the lease, and that this payment was made in a bank and was accepted by Wright, the plaintiff.

There was a cross-petition based on the lease, with a prayer for a judgment over and against Lunday and Brown, if the plaintiff recovered judgment, for $385, and interest at 6 per cent. from March 7, 1927, and for $55, with interest at 6 per cent. from December 22, 1928, in the event the plaintiff recovered judgment.

The case came on for trial before an assigned judge, Honorable Asa E. Walden. Several witnesses were examined on both sides, and the warranty deed was introduced in evidence, and also the oil and gas lease with the various indorsements thereon of recording. The defendant had more witnesses than the plaintiff did, and the trial court and the attorneys throughly examined and cross-examined all of them, and both sides introduced sustaining witnesses, though there seemed not to have been anything in the case that would call for an attack on veracity, except positive contradiction as to the circumstances under which the instruments were executed.

Under ordinary conditions, parties are supposed to put into their deeds their true covenants, but very frequently this is not done. In the present case, however, the warranty deed carried a covenant as against everything, though it was admitted by the plaintiff below that the question of a lease to the Magnolia Petroleum Company was discussed in the progress of their negotiations. It appears, however, that there were two leases. The first lease to the Magnolia Petroleum Company would expire on the 22nd of December, 1927, and therefore was outstanding at the time of the making of the warranty deed, though it is not mentioned therein.

The presiding judge, with the witnesses before him, came to the conclusion that the plaintiff below, the present defendant in error, had the better of it from the standpoint of credibility, and awarded the decision to the plaintiff on pure questions of fact, after a thorough examination by the attorneys and a searching examination by the judge himself. The general rule is that, in cases of that kind, the findings of the trial court will not be disturbed where the evidence is conflicting, as it was in this case, and is not overwhelming for the other side. Under all the circumstances, we cannot say that we would do any better if we would start in to reverse the lower court and believe the witnesses that the trial court did not believe.

The case is accordingly affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY and HEFNER, JJ., absent.

Note.—See under (1) 2 R. C. L. 204 et seq.; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title "Appeal," § 173.